RECEIVED

JAN - 4 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MATTIE LEY JOHNSON LONDO | CIVIL ACTION NO. 07-1809 |
| VERSUS | JUDGE DOHERTY |
| MEDTRONIC, INC., ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

Pending before this Court are defendant Medtronic, Inc's Motion to Stay Proceedings [Doc. 6] and defendants Medtronic Puerto Rico, Inc. and Medtronic Puerto Rico Operations Co.'s Motion to Join in Medtronic, Inc.'s Motion to Stay [Doc. 12]. All defendants seek expedited consideration of the motion to stay [Doc. 13]. The motions are unopposed,[1] and for the following reasons, all are GRANTED.

The Medtronic entities manufacture Sprint Fidelis leads -- or wires -- that are implanted along with implanatable defibrillators in cardiac patients. Plaintiff filed the instant lawsuit alleging they had defective Sprint Fidelis leads implanted with their implantable defibrillators, which caused the defibrillators to fail. The Sprint Fidelis leads at issue include the 6949 Sprint Fidelis cardiac-defibrillator leads; the 6949 LFJ extendable/retractable screw fixation (S) model; the 6948 LFH tuned fixation (T) model; the 6931 LFT S fixation; and the 6930 LFK T fixation, all manufactured and sold by Medtronic.

Over three dozen actions alleging claims related to Sprint Fidelis leads, including several putative class actions, have now been filed in various federal district courts around the country,

---

[1] Although Medtronic's motion to stay states plaintiff opposes the motion, which was filed on December 7, 2007, the delay for filing an opposition brief has passed. Therefore, the motion is considered by the Court as unopposed.

including the District of Puerto Rico, the District of Minnesota, the Western District of Missouri, the District of Kansas, the Northern District of Iowa, the Eastern and Western Districts of Louisiana, the District of North Dakota, the Southern District of West Virginia, the Southern District of Florida. Initially, plaintiffs in two of these actions filed motions before the Joint Panel on Multidistrict Litigation ("JPML") seeking transfer for coordination or consolidation pursuant to 28 U.S.C. §1407(a). Since then, several additional plaintiffs have filed motions urging the JPML to transfer all of the Sprint Fidelis cases to a single District Court for consolidated or coordinated treatment. A hearing is set before the JPML on January 30, 2008 to consider the various motions to transfer.

The deadline for the filing of responsive pleadings in this matter is January 10, 2007. In light of the January 30, 2008 hearing on the pending motions to transfer the Sprint Fidelis leads cases to the JPML, Medtronic seeks to stay the instant case until after the motions to transfer have been adjudicated. Medtronic argues a limited stay and continuance is necessary to achieve the purposes of 28 U.S.C. §1407 -- the promotion of the just and efficient administration of the litigation – and that, absent a stay, this Court could well be required to invest a great deal of time and resources in the supervision of discovery matters and other pretrial proceedings, even though the Court may lose jurisdiction over this matter if and when the JPML decides the pending transfer motions. Additionally, Medtronic argues the granting of a stay for a short period of time to permit the JPML to rule would impose no real prejudice on the plaintiff.

After consideration of Medtronic's arguments, the fact that plaintiff has filed no timely objection to the motion to stay, and there appearing to be no error in fact or law,

IT IS HEREBY ORDERED that the Motion to Stay filed by the Medtronic defendants [Doc. 6 & 12] is GRANTED. The Clerk of Court is directed to remove the motion from the February 29,

2008 motion calendar.

IT IS FURTHER ORDERED that if the instant case is not transferred to the JPML within ninety (90) days of the date of this Memorandum Ruling and Order, movants shall contact this Court for the purpose of scheduling a telephone status conference to set the case for trial.

IT IS FURTHER ORDERED that the Clerk of Court shall FAX a copy of this order to all counsel of record.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___4___ day of ___January___, 2008.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

1-4-08

cc:
Diapax Bencel Jr.
Salas III
Moreland
Renton
Christiana Q Jr
Bogart
Zwain
Morton III
Boyer
Watson